COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§     No. 08-15-00165-CR

IN RE: THE STATE OF TEXAS,

§     AN ORIGINAL PROCEEDING

Relator.

§     IN MANDAMUS

§

# **O P I N I O N**

The State of Texas has filed a petition for writ of mandamus against the Honorable Carlos Carrasco, Judge of the County Criminal Court No. 3 of El Paso County, Texas, challenging an order excluding a material witness from testifying in a criminal trial. We conditionally grant relief.

## **FACTUAL SUMMARY**

The real party in interest, Eduardo Magana, is charged with misdemeanor family violence assault. The information alleges that he caused bodily to Irene Jaquez by striking her head and body with his hand. Irene's ten-year-old daughter, D.G., witnessed the assault. Respondent set the case for jury trial on May 13, 2015. Approximately nine days before trial, Irene advised the District Attorney's Office that she did not want to prosecute the case because Magana had not assaulted her and she had made a false report. On May 12, 2015, an investigator with the District Attorney's Office served Irene with a subpoena compelling her attendance as a witness

and another subpoena compelling her to produce D.G. in court. Irene told the investigator that he might as well arrest her because she was not going to appear for trial. True to her word, Irene did not appear for trial the following day. The State obtained an attachment for Irene individually and another attachment for her "along with" her daughter.

The District Attorney's Office discovered that D.G. lives with her aunt, Melissa Jacquez, and that Irene and Melissa had executed an "Authorization Agreement for Nonparent Relative or Voluntary Caregiver" on May 11, 2015. This agreement was executed pursuant to Section 34.001 of the Texas Family Code. *See* TEX.FAM.CODE ANN. §34.001 (West 2014). On May 13, 2015, Melissa was served with a subpoena directing her to produce D.G. for trial. Melissa appeared on May 13 and produced D.G., but Magana objected on the grounds that D.G. had not been properly subpoenaed and the authorization agreement did not authorize Melissa to accept the subpoena to produce D.G. He argued that under the Family Code only Irene had that authority. Respondent ruled in Magana's favor, finding that D.G. was not properly before the court and she would not be allowed to testify. The State filed this mandamus petition and Respondent voluntarily stayed the jury trial.

## OBTAINING PRESENCE OF CHILD WITNESS
## IN A CRIMINAL TRIAL

In its sole issue, the State contends that Respondent's order prohibiting D.G. from testifying in the criminal trial because she was not properly subpoenaed is clearly erroneous and subject to mandamus correction because Magana lacks standing to challenge the subpoena process and Respondent's decision is contrary to the plain language of Article 24.011(a) of the Code of Criminal Procedure.

### *The Mandamus Standard*

To establish a right to mandamus relief in a criminal case, the relator must show that he

- 2 -

has no adequate remedy at law and that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013)(orig. proceeding). With regard to the first requirement, a remedy at law may be deemed inadequate even though it technically exists if the remedy is uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective. *Id.* The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Id.* A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id., quoting Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex.Crim.App. 2011).

*The Authorization Agreement*

Section 34.001 of the Texas Family Code provides for an authorization agreement between a parent of a child and a grandparent, adult sibling, or adult aunt or uncle. *See* TEX.FAM.CODE ANN. § 34.001 (West 2014). Section 34.002 specifies the acts which the relative can be authorized to perform. *See* TEX.FAM.CODE ANN. § 34.002. Melissa and Irene entered into such an authorization agreement. The agreement specified it is valid until revoked in writing by either party and it will continue in effect after Irene's death or any period of incapacity.

Consistent with Section 34.002, the agreement empowered Melissa to:

(1) authorize medical, dental, psychological, or surgical treatment and immunization of D.G.;

(2) obtain medical and maintain health insurance coverage for D.G.;

(3) enroll D.G. in school;

(4) authorize D.G.'s participation in age-appropriate extracurricular, civic, social, recreational, and athletic activities;

(5) authorize D.G. to obtain a learner's permit, driver's license, or state-issued identification card;

(6) authorize employment of D.G.; and

(7) apply for and receive public benefits on behalf of D.G.

As provided for by Section 34.002(c), the agreement specifically stated that it did confer on Melissa the right to authorize an abortion on the child or the administration of emergency contraception. The authorization agreement contains several warnings and disclosures, including that the agreement does not confer on Melissa the *rights* of a managing or possessory conservator.[1] *See* TEX.FAM.CODE ANN. § 34.007(b)("The authorization agreement does not affect the rights of the child's parent or legal guardian regarding the care, custody, and control of the child, and does not mean that the relative has legal custody of the child.").

*The Code of Criminal Procedure*

The procedures set forth in the Code of Criminal Procedure govern all criminal proceedings. *See* TEX.CODE CRIM.PROC.ANN. art. 1.02 (West 2005). Article 24.01(a)(1) provides that a subpoena may summon one or more persons to appear before a court to testify in a criminal action. TEX.CODE CRIM.PROC.ANN. art. 24.01(a)(1)(West 2009). If a witness is younger than eighteen years of age, the court may issue a subpoena directing a person having custody, care, or control of the child to produce the child in court. TEX.CODE CRIM.PROC.ANN. art. 24.011 (West Supp. 2014).[2]

---

[1] Unless limited by court order, a parent appointed as a conservator of a child has during the parent's period of possession the right to consent for the child to medical and dental care not involving an invasive procedure and the right to direct the moral and religious training of the child. TEX.FAM.CODE ANN. § 153.074(3), (4)(West 2014).

[2] The Juvenile Justice Code contains a provision for the issuance of a subpoena to the child named in the petition. *See* TEX.FAM.CODE ANN. § 53.06. Subsection (c) further provides that the court may endorse on the summons an order directing the person having the physical custody or control of the child to bring the child to the hearing. TEX.FAM.CODE ANN. § 53.06(c). Section 53.06 does not apply to child witnesses and there is no provision comparable to Article 24.011 in the Family Code or the Rules of Civil Procedure. *See In the Interest of Z.A.T.*, 193 S.W.3d 197, 207 (Tex.App.--Waco 2006, pet. denied).

Magana argued in the trial court that Melissa could not accept the subpoena for D.G. because the authorization agreement did not expressly give her that power and she does not have the rights of a managing or possessory conservator. He further asserted that the only person who could accept the subpoena is the person who has the right to act as the child's next friend in a legal proceeding. Magana interpreted Article 24.011 as requiring service of the subpoena on the next friend of the child. Respondent agreed with Magana's argument and ruled that D.G. would not be allowed to testify.

Magana's argument and Respondent's order are contrary to the plain language of Article 24.011. The statute provides that the subpoena may be issued to the person who has "custody, care, or control of the child". While the authorization agreement did not give Melissa "legal custody" of D.G., Article 24.011 does not speak in terms of "legal custody". Even if Melissa did not have "legal custody" of D.G., the child was living with Melissa and was certainly in her care or control.

Magana additionally argues that mandamus relief is not available because Respondent had discretion under Article 24.011 to determine "that the best person to bring the child before the court was in fact the person through whom the child was initially subpoenaed, the parent of the child." The statute does not instruct the trial court or give the trial court discretion to consider who is "the best person to bring the child before the court." Consequently, the question is not whether Irene was better-suited than Melissa to produce D.G. in court. The child witness was under Melissa's custody, care, or control when the subpoena was served upon her and she produced D.G. in court as required by the subpoena. Respondent did not have discretion under Article 24.011 to exclude D.G.'s testimony in the criminal trial. Accordingly, we find that Relator has a clear right to relief under the controlling legal principles.

*Adequate Remedy at Law*

Magana argues that Relator has an adequate remedy for Respondent's exclusion of D.G.'s testimony in the criminal trial because Respondent issued orders for attachment of Irene individually and for Irene "along with" the child witness. The attachments provide nothing more than a potential remedy in the event Irene can be located. Given that the issue arose during the middle of a jury trial and Irene had purposefully absented herself from the trial after recanting her original statement to police, the remedy is uncertain at best. Magana additionally argues that Relator has a right to raise the issue on appeal in the event Magana is convicted and he appeals. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(c)(West Supp. 2014)("The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment."). The conditional right to appeal afforded the State by Article 44.01(c) is far too speculative and uncertain to constitute an adequate remedy. We conclude that Relator does not have an adequate remedy. Having found that Relator has established its entitlement to mandamus relief, we sustain the issue presented and conditionally grant the petition for writ of mandamus. Respondent is directed to withdraw his order excluding D.G.'s testimony. The writ of mandamus will issue only if Respondent fails to comply.

July 8, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)