Clyde Everette CALLICOTT, Appellant,

v.

Jeanette Fay CALLICOTT, Appellee.

No. 14069.

Court of Civil Appeals of Texas.

Houston.

Jan. 24, 1963.

Rehearing Denied Feb. 14, 1963.

**456**

Marvin Schulman, Houston, for appellant.

Joe S. Moss, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Jeanette Fay Callicott, to change the custody of Gary Wayne Callicott, which had been given to appellant, Clyde Everette Callicott, when appellee and appellant were divorced on September 22, 1958. Gary was born on February 2, 1954. This case went to trial May 23, 1962 when Gary was more than 8 years and 3 months old. The Judge of the Court of Domestic Relations, before whom the case was tried, entered judgment in favor of appellee changing the custody of the child from his father, who had taken care of the child during his entire life and especially during the period from the date of the divorce on September 22, 1958 to the date of the decree of the Court entered June 13, 1962, from which appellant appeals.

Appellant assigns numerous points of error. He first asserts that the trial court erred in refusing to permit Gary to testify as a witness either in open court or chambers, or to allow Gary to be examined for the purpose of determining whether he understood the nature and solemnity of an oath and was competent to testify; and that the court further erred in refusing to allow appellant to perfect a bill of exceptions from the court's ruling refusing to permit Gary to testify as a witness in behalf of appellant.

We think these points of error should be sustained. Counsel for appellant objected and excepted to the court's action in refusing to permit him to make out a bill of exceptions in the usual manner by interrogating the witness in the court's presence. Thereafter appellant undertook to prepare a bill of exceptions out of the court's presence. The court qualified this make-shift bill of exceptions as follows:

"The exception herein is qualified by reference to Statement of Fact pages

374, 382, and 462–463–464. Further the Court does not know what the witness would have testified to. In addition to ruling on pages heretofore referred to in Statement of Facts, the Court disallowed this eight year old witness because: did not feel would be bound by the testimony; and, did not wish to subject a child of these tender years to embarrassment of courtroom testimony in the presence of his parents and loved ones.

"Signed this 30th day of July, A. D. 1962."

The record shows that when appellant called Gary as a witness, appellant's counsel stated, "I would like for the child to be examined, whether it be in open court or in the chambers or whatever circumstances the court might desire. Now, when I— from the last statement the court made I am not certain—is the court willing to have him examined in chambers?" the court replied: "I don't mind seeing the boy and talking with him but I will not have an eight year old boy present in an open courtroom hearing. We can do that when we finish the case. Call your next witness."

The record further shows that counsel for appellant stated: "I would presume the next witness will be lengthy and will run well into 5. I would like time to have Gary examined so he may be back in school Monday." to which the court replied, "Call your next witness."

At pages 462, 463 and 464, Statement of Facts, counsel for appellant again tendered Gary as a witness. The court sustained appellee's objection to the testimony of the boy as being incompetent to testify although no test was made to determine the boy's qualifications. Appellant then stated that he was willing that the boy be examined by counsel either in open court or chambers, and asked that the examination be in the form of questions and answers, and that the testimony be in the presence of the court to hear and rule upon objections, and appellant tendered the witness for examination either in open court or in chambers or such other place as the court might direct. Whereupon, on the objection of appellee, the court announced in substance that he didn't mind talking to the boy or at least observing him but didn't want him as a witness in open court, but if he did talk to the boy it would be very informal and not subject to open questioning by counsel on either side, and that the court would only discuss a few matters with the child and observe him and that is as far as it would go.

■ We can understand the reluctance of the court to permit Gary to testify in open court before his parents. Appellant, however, tendered the boy for examination by attorneys on both sides in the court's chambers. He did not waive his right to interrogate Gary. The trial court erred in refusing to grant appellant's request to examine the boy either in open court or in chambers. In chambers the court could have readily determined the qualifications vel non of Gary to testify in the case. At his age he was in all probability qualified and very likely in possession of information that might well have been of vital importance in the determination of whether he should be taken from the custody, care and guidance of the father to whom his custody had been awarded some years before, and who had under the uncontroverted evidence taken good care of his physical, mental and spiritual growth and development. He might well have confirmed or disaffirmed his happy and wholesome homelife in his father's home both before and after his father's legal marriage to his present wife, Hope. He might also have disproved or corroborated his father's testimony that his natural mother, appellee, during the exercise of visitation rights, had taken him to a drunken party where his father had to go at night and get him after being called by the boy, and had also taken him to beer joints and men's apartments on visits.

We are in accord with the observation of Justice Northcutt in Cline v. May, Tex.Civ.App., 287 S.W.2d 226, that the discretion of the trial court in custody cases applies to the determination of the court as to the best place to place the child for his or her future welfare, but does not apply to a determination by the court of whether it would be for the best interest of the child to testify. Where a child of competent qualifications under the rules of evidence is called to testify, the trial court does not have within his discretion the right to refuse to permit such child to testify. This Court approves of the trial court and attorneys, upon agreement of the parties, examining the child privately, but knows of no rule that permits a court arbitrarily to refuse to permit a child of proper age and otherwise qualified to testify when one of the parties requests that he take the witness stand. The trial court in qualifying appellant's exceptions shows that he not only did not permit an examination of Gary either in open court or in chambers, but that he had not talked to the boy and didn't know what his testimony would be. The court also erred in depriving appellant of the right to properly prepare a bill of exceptions showing in the court's presence the boy's qualifications to testify and what he would have testified to. State v. Biggers, Tex.Sup.1962, 360 S.W.2d 516.

A careful reading of the record shows that Gary was always well taken care of by his father and that for a year prior to the change of custody decreed by the trial court, appellant and his present wife, Hope, to whom he had been lawfully married for more than a year, had taken good care of Gary as well as Hope's other two children, and that all of them lived in a happy and wholesome atmosphere at such time and not as found by the trial court, in an unfit, adulterous and bigamous atmosphere. We think it unnecessary, however, in view of our holding with respect to the refusal of the court to permit Gary to testify, to pass upon appellant's points that a number of fact findings by the court are against the great weight and preponderance of the evidence, especially since upon a new trial the judge will likely have the benefit of Gary's testimony and possibly reach a different conclusion with respect to change of custody.

The law is well settled in this State that where a court of competent jurisdiction has given custody of a child to one parent, the burden of proof is on the other parent seeking to change the child's custody, to show material changes that require, in the interest of the child, that his or her custody be changed. A showing of only slight change of conditions is not sufficient to warrant a change of custody. Short v. Short, Tex.Sup.1962, 354 S.W.2d 933. In the opinion of the Supreme Court, handed down January 9, 1963 in Mumma et ux. v. Aguirre et ux., Tex., 364 S.W.2d 220, Chief Justice Calvert stated:

> "However, wholly aside from the binding force of the rule of res judicata, the law favors a high degree of stability in a young child's home and surroundings, and to achieve that stability will not permit a change of custody, once judicially determined, except upon a showing of materially changed conditions, Short v. Short, Tex.Sup., 354 S.W.2d 933; and will not require it, even then, unless denying it would constitute an abuse of discretion by the trial judge. Taylor v. Meek, 154 Tex. 305, 311, 276 S.W.2d 787, 790."

It will be presumed that the 152nd Judicial District Court of Harris County, Texas, at the time appellant and appellee were divorced, had good grounds for giving the custody of the then four year old Gary to his father and not to appellee. Certainly there should be no change made in the custody of the child absent proof of materially changed conditions. In determining whether such materially changed conditions exist and are such as to require a change of custody, the best interests of the child should be the sole consideration

of the court. The burden of making such proof is upon the parent seeking the change.

In view of conflicting considerations in this case, and the opportunity of the trial judge to observe the parties and witnesses and pass upon their credibility, we are of the opinion that we cannot say that the trial judge has as a matter of law abused his discretion or that judgment should be rendered.

Reversed and remanded.