IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00347-CV

 

In the
Interest of

Z.A.T.,
K.M.T. & K.O.T., Children

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 99-2937-4

 



DISSENTING  Opinion



 

          I disagree with the lead opinion’s
conclusion that Richard should have subpoenaed his own minor children.  Nor can
I accept the concurring opinion’s approval of the trial court’s practice of
having a parent or guardian served with a subpoena to bring a child witness to
court in a civil action—without notice to litigants that such a practice must
be employed.  Moreover, neither opinion explains why Richard’s motion for an
order compelling Valerie to bring the children to the modification hearing so
that they could testify was deficient or inadequate under the circumstances, i.e.,
why the trial court did not err or abuse its discretion in denying the motion. 
I therefore respectfully dissent.  I would sustain Richard’s second issue and
hold that the trial court erred or abused its discretion in denying Richard’s
motion to compel the children’s attendance at the hearing.

Richard’s motion sought an order from the trial
court requiring Valerie to bring their three minor children to the modification
hearing so that they could testify on relevant matters.[1] 
As of the hearing date, Z. was age nine and the twins K.O. and K.M. were age
seven years and nine months.  The children’s testimony, while not controlling,
would likely have included vital information on the issues in the modification
hearing—particularly evidence relating to their best interest—and the removal
and modification of rights that Richard complains of in this appeal.  See Callicott
v. Callicott, 364 S.W.2d 455, 457 (Tex. Civ. App.—Houston 1963, writ ref’d
n.r.e.) (stating that 8-year-old boy “was in all probability qualified and very
likely in possession of information that might well have been of vital
importance in the determination of whether he should be taken from the custody,
care and guidance of the father,” and he “might well have confirmed or
disaffirmed his happy and wholesome homelife in his father’s home”).

In a written order and without stating any
grounds, the trial court denied Richard’s motion the day after its filing—and without
Valerie having filed a response.[2]  A
trial court has no discretion to refuse to order a child’s compelled attendance
when that refusal has the obvious effect of excluding a presumptively competent
child witness from testifying in a modification proceeding.[3] 
In the absence of notice to Richard that the trial court would require him to
subpoena Valerie to bring the children to the hearing, there was no legal basis
for the trial court’s refusal to grant Richard’s motion to compel the
children’s attendance so they could be present to testify, and “[f]undamental
fairness dictates that a party not be arbitrarily deprived of the right to
offer its evidence.”  Monsanto Co. v. Davis, 25 S.W.3d 773, 785 (Tex.
App.—Waco 2000, pet. dism’d w.o.j.).

The lead opinion states that the trial court did
not deny Richard the opportunity to call the children as witnesses, asserting
that Richard should have had his seven- and nine-year-old children served with
subpoenas.  But as that opinion concedes,[4] the
Texas Rules of Civil Procedure, unlike the Texas Code of Criminal Procedure,[5]
do not contain a specific provision for serving a child or a child’s custodian
with a subpoena.[6]  See
Tex. R. Civ. P. 176. 
Notwithstanding whether minors have the legal capacity to be served with a
subpoena under Rule 176 (which I seriously doubt), any reluctance on Richard’s
part to have his seven- and nine-year-old children personally served by a
stranger with subpoenas to attend a hearing at which he was trying to have his
contact with them increased is understandable.[7]  With
no existing and applicable specific authority that Richard could have his
children personally served with subpoenas or that he could have them served
with subpoenas “through” Valerie (or at the least, notice from the trial court
that he should serve Valerie), what was Richard to do?[8] 
Despite his being an imprisoned pro se litigant, Richard did what a reasonable
lawyer would do when no specific applicable law exists—he asked the trial court
for help and to order Valerie to bring the children to the hearing.[9]

In the absence of established law for the
subpoena of children in civil matters, Richard’s motion was a reasonable (and better)
practice under the circumstances to compel the children’s attendance and obtain
their testimony.  More importantly, if one elevates substance over form,
Richard complied with the trial court’s practice.  A subpoena is a “writ
commanding a person to appear before a court. . . .”  Black’s Law Dictionary at 1467 (8th ed. 2004).  A writ is a
“court’s written order, . . . commanding the addressee to do or refrain from
doing some specified act.”  Id. at 1640.  Richard essentially requested the trial court to issue a subpoena
(a written order) commanding Valerie to bring the children to the hearing; he
simply did it by a motion-and-order procedure that I believe is preferable in
civil child-witness cases.  The trial court’s denial of Richard’s motion was
effectively a denial of a request that the trial court issue subpoenas for Valerie
to bring the children to the hearing.  In effect—and again putting substance
over form—the trial court’s denial amounted to a refusal to allow the children
to testify, as there was no other authorized procedure that Richard was made
aware of for him to obtain the children’s compelled attendance.  I would
hold that the denial of Richard’s motion was an error and, to the extent that
discretion existed, an abuse of discretion given the trial court’s lack of
notice to Richard.[10]

I further would find that the trial court’s
error probably prevented Richard from presenting his case on appeal (particularly
relating to the sufficiency of the evidence) because of the likely importance
of the children’s testimony relating to their best interest and to the trial
court’s order.  See Tex. R. App.
P. 44.1(a) (judgment should not be reversed upon finding of error unless
error probably prevented appellant from presenting his case on appeal); Monsanto,
25 S.W.3d at 786.  Because the children were not present—by virtue of the trial
court’s denial of Richard’s motion to compel their attendance—Richard was
unable to make a formal offer of proof.  Cf. Callicott, 364 S.W.2d at
456-57 (trial court refused to let father make a bill of exception by having
child testify).

I would sustain Richard’s second issue, reverse
the trial court’s order nunc pro tunc, and remand this cause for further
proceedings.[11]

 

 

BILL VANCE

Justice

 

Dissenting opinion
delivered and filed April 5, 2006









    [1]       The
gist of Richard’s amended petition for modification was to modify the decree to
increase his rights and Valerie’s duties so that Richard could, under the
circumstances of his imprisonment, attempt to have a meaningful relationship
with his children.  The motion, titled
“Petitioner’s Motion for Children’s Attendance at Trial,” requested the
children’s presence so they could testify about:  (1) school, daycare, and
home; (2) their relationship with Richard and their desires to visit him; and
(3) their ability to identify Richard.  It stated that the children’s presence
was necessary to satisfy “statutory requirements” and that their testimony
would assist the court in making decisions on their best interest, and further that
Richard would limit his questions according to their ages and development and
that he had no intention of questioning the children in a manner that would
damage their relationships with Valerie.

 





    [2]       The
United States Supreme Court has instructed that we hold pro se pleadings and
briefs to less stringent standards than those drafted by lawyers.  Haines v.
Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); accord
Zuniga v. Zuniga, 13 S.W.3d 798, 803 (Tex. App.—San Antonio 1999, no pet.);
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.]
1992, orig. proceeding); Birdo v. DeBose, 819 S.W.2d 212, 216 (Tex. App.—Waco
1991, no writ).  Thus, we review such pleadings and briefs “with patience and
liberality.”  Barnes, 832 S.W.2d at 426; accord Birdo, 819
S.W.2d at 216.

 

After having his motion denied and suffering an
adverse ruling in the modification proceeding, Richard fairly, though awkwardly,
presents to us in his second issue exactly what he presented to the trial court
and asserts that the trial court erred in denying his motion.  His second issue
reads:  “Whether the trial court erred in denying to hold a qualification
hearing and require Appellee [Valerie] to ensure the Children were present to
testify at trial.”  I believe that the trial court erred in denying Richard’s
motion that was filed to ensure the children’s presence at trial.  In this
dissenting opinion, based on my analysis of applicable law, I explain why I
believe that the trial court erred in denying Richard’s motion and why I would
sustain Richard’s second issue.  

 





    [3]       If
a child is competent, a trial court does not have discretion to refuse to
permit a child to testify in a custody proceeding.  Callicott v. Callicott,
364 S.W.2d 455, 457-58 (Tex. Civ. App.—Houston 1963, writ ref’d n.r.e.)
(reversing custody change because trial court erred in refusing to allow
8-year-old to testify).

 





    [4]       The
lead opinion states, “The difficulty here is that there is no statute or rule
which provides for the issuance of a subpoena for a child to testify in a civil
trial.”

 





    [5]       Article
24.011 provides in part:  “(a) If a witness is younger than 18 years, the court
may issue a subpoena directing a person having custody, care, or control of the
child to produce the child in court.”  Tex.
Code Crim. Proc. Ann. art. 24.011(a) (Vernon Supp. 2005).  And while not
applicable, the summons provision in the Juvenile Justice Code (within the
Family Code) provides that a trial court may issue an order that the person
having custody of the child bring the child to the hearing.  Tex. Fam. Code Ann. § 53.06(c) (Vernon
2002) (“The court may endorse on the summons an order directing the
person having the physical custody or control of the child to bring the child
to the hearing.”) (emphasis added).  

 





    [6]       The
original opinion in this appeal—issued on November 16, 2005 with a dissent—held
that the trial court erred in denying Richard’s motion, reversed the order, and
remanded the cause.  In re Z.A.T., 2005 WL 3072854 (Tex. App.—Waco Nov. 16, 2005, no pet. h.) (op. withdrawn).  Valerie did not file a motion for
rehearing or petition for review, but on November 17, the trial court
surprisingly filed with us its “motion for reconsideration,” asking us to
reconsider the issue and to withdraw our opinion.  The trial court wrote: 
“Children, through their parents or guardians, are regularly subpoenaed to
attend family law matters in this Court.  If the parent shows up without the
child, this Court sends them to get the child. . . .  The issue between Mr.
Taylor and the Court was [his] wanting the Court to require the children’s
attendance without [their] first being subpoenaed through their mother.”  Nothing
else was filed.  The trial court’s “motion” in this appeal—whether an “unusual
procedure” or “dangerous precedent”—resulted in the withdrawal of our opinion.

 

The trial court’s practice of allowing parties
in family law cases to unilaterally subpoena children through a parent or
guardian begs the question in this appeal because no applicable civil statute,
rule, or case law specifically authorizes that practice.  I do not condemn what
may be the trial court’s reliance on criminal or juvenile procedure in allowing
this practice; indeed, those procedures also support the relief Richard’s
motion requested.  But I cannot condone the trial court’s failure to
communicate this practice to Richard when it denied his motion.  There is no
indication that Richard was put on notice of the trial court’s practice (a
practice that does not square with the lead opinion’s conclusion that a child
should be personally served with a subpoena in a civil matter).  If Richard had
been so notified, is there any doubt that he would have attempted to have a
subpoena served on Valerie directing her to bring the children to the hearing? 
Richard now knows what he should have done in this particular trial court
to ensure his children’s attendance, but that knowledge comes too late.  One
would reasonably expect adequate notice—especially to an imprisoned pro se
litigant—by the trial court of an unwritten practice specific to this court. 
This due-process concern is amplified by my belief that retroactive application
of either the lead or concurring opinion on this novel issue of first
impression produces a substantial inequitable result in this appeal.  See
Jones v. Clarksville ISD, 46 S.W.3d 467, 472-73 (Tex. App.—Texarkana 2001,
no pet.) (discussing factors to determine exception to retroactivity).  Not
ironically, Richard’s second and third issues are briefed under the heading
“Denial of Right to Due Process.”

 





    [7]       Allowing
or encouraging parties—especially those in child-custody disputes—to
unilaterally have children personally served with subpoenas is, in addition to
being legally questionable, also an unnecessary invitation to abuse the system
in a way that does not protect children.  Until Rule 176 is amended to provide
for serving a person having custody, care, or control of the child with a
subpoena to produce the child in court, a motion-and-order procedure to compel
a child’s attendance at a parent-child related hearing better protects the
child from the milieu of the legal dispute and deters abuse.  The lead opinion
unfortunately paves the way for abuse; and even in the absence of abuse, the
thought of a process server serving a subpoena on a first grader walking up to
an elementary school should give one pause.

 





    [8]       An
attorney can issue a subpoena.  See Tex.
R. Civ. P. 176.4(b).  Richard, an imprisoned pro se litigant, is not an
attorney.

 





    [9]       The
concurring opinion approves of the trial court’s subpoena duces tecum practice
for civil cases (and apparently of the trial court’s failure to notify
litigants like Richard that this practice must be employed to obtain the
presence of child witnesses), yet it inexplicably fails to address why
Richard’s motion-and-order procedure was deficient or inadequate and why
the trial court did not err or abuse its discretion in denying the motion
without notifying Richard of the practice employed in this trial court. 
Contrary to that view about how we should review Richard’s motion and the trial
court’s ruling thereon, I believe that in reviewing a trial court’s ruling on a
motion to determine whether or not the trial court abused its discretion, an
appellate court must, as a part of its review of the ruling, examine the
substance and adequacy of the motion at issue in light of the applicable law,
standard of review, and any special circumstances.

 





    [10]      The
concurring opinion’s statement that the trial court did not abuse its
discretion in refusing to make Valerie bring the children to the hearing to
testify is conclusory, asserting only that trial courts have wide discretion, that
Richard’s motion was not “common or routine,” and that the trial court did not
abuse its discretion.  But if a trial court does not have discretion to refuse
to permit a child to testify in a custody proceeding, see Callicott,
364 S.W.2d at 457-58, it only follows that a trial court does not have
discretion to refuse to compel a child’s attendance to testify at a custody
proceeding when the obvious effect of that refusal is to exclude the child as a
witness.

 





    [11]      I
have decided not to address the personalized comments in the concurring
opinion.  The reader will be the judge of whether any of them have merit.